[No. 1555. Decided February 8, 1895.]

W. T. CADY, *Respondent*, v. E. E. CASE *et al., Appellants.*

FORECLOSURE OF LABORER'S LIEN — PLEADING — VERIFICATION OF COMPLAINT — INJUNCTION PENDENTE LITE — TENDER.

A complaint in an action to foreclose a lien on shingles alleges sufficient ground for the issuance of a temporary injunction when it avers that the debt is due; that defendants are insolvent and financially irresponsible; and that the only security for plaintiff's claim was the lien upon the shingles, which defendants were threatening to and were about to remove from the state and dispose of.

Under Code Proc., § 203, covering the verification of pleadings, a

complaint asking for a temporary injunction verified upon the belief of the applicant, is sufficient.

The issuance of a temporary injunction *pendente lite* to preserve and make efficient a lien upon shingles, which plaintiff was seeking to enforce, is warranted, although the allegations of the complaint have been denied, when neither the amount sued for, nor the right to a lien, is disputed by the defendants.

A tender of checks on a bank due in sixty and ninety days is not effectual as a tender of payment.

*Appeal from Superior Court, Chehalis County.*

*George D. Schofield,* for appellants:

The facts upon which the right to an injunction depend must be established by a positive affidavit annexed to the petition. *Campbell v. Morrison,* 7 Paige, 157; *Shonk v. Knight,* 12 W. Va. 667; *Southern, etc., Co, v. Hixon,* 5 Ind. 165; *Walker v. Devereaux,* 4 Paige, 229; *Glidden v. Norvell,* 44 Mich. 202; *Gaertner v. Fond du Lac,* 34 Wis. 497; *Landes v. Globe Mfg. Co.,* 73 Ga. 176; *Hone v. Moody,* 59 Ga. 731. A verification upon belief is insufficient, *Woodruff v. Fisher,* 17 Barb. 225; *Olmstead v. Koëster,* 14 Kan. 463; *Morgan v. Quackenbush,* 22 Barb. 72; *Penfield v. White,* 8 How. Pr. 87; *Ruge v. A. O., etc., Co.,* 6 South. 489.

An application for an injunction *pendente lite* should be denied when the material allegations of the complaint upon which plaintiff relied for a temporary injunction are positively and circumstantially denied under oath by the affidavits filed. *Lady Bryan, etc., Co. v. Lady Bryan Mining Co.,* 4 Nev. 414; *Gagliardo v. Crippen,* 22 Cal. 362; *Johnson v. Wide West Mfg. Co.,* 22 Cal. 479; *Real Del Monte, etc., Co. v. Pond, etc., Co.,* 23 Cal. 84.

*Austin E. Griffiths,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Plaintiff in the court below brought his action to foreclose a lien on shingles, and as a

basis for injunctive relief *pendente lite*, averred in his complaint that the debt was due; the financial irresponsibility and insolvency of the defendants, and that the only security for said claim was the lien upon said shingles, which defendants were threatening to and were about to remove and dispose of, thereby endangering plaintiff's security. Defendants appeared and resisted the application by affidavits denying the allegations of the complaint; and the court having considered the complaint and the counter affidavits thereto, granted a temporary injunction; from which order this appeal is prosecuted.

It was contended in the first place that the complaint was not sufficient in law to sustain a temporary injunction; second, that the verification was not sufficient, and third, that the material allegations of the complaint having been denied, a temporary injunction should not have issued.

We think the complaint was amply sufficient to sustain an order for a temporary injunction, and we do not think there is any force in the objection that the affidavit was not sufficient. There is no distinction made in law between the verification of this pleading and that of any other pleading in a case. The verification in this case is as follows:

" W. T. Cady being duly sworn deposes and says: He is the plaintiff above named; that he has read the foregoing complaint and knows the contents thereof; that the statements therein contained are true as he verily believes."

Sec. 203 of the Code of Procedure provides that "every pleading shall be subscribed by a party or his attorney and, except a demurrer, shall also be verified by the party, his agent or attorney, to the effect that he believes it to be true." This pleading comes within the rule prescribed, and is, we think, amply sufficient.

A more difficult question is presented concerning the answer of the defendants. The amount sued for, however, is not disputed in the answer; neither is the right to the lien upon the shingles denied nor disputed by the counter affidavits; and we think, under the circumstances of this particular case, that the judge below was justified in issuing the restraining order to preserve and make efficient the liens which rightly attached to the claim of respondent, and to prevent the destruction of such lien.

So far as the payment of respondent's claims are concerned, it was no tender of payment to tender checks on the First National Bank of Montesano, or any other bank, due in sixty and ninety days. Neither will this court take notice of a custom which is pleaded by the appellants here, to the effect that laborers in such cases are under obligations to and do take up a portion of their wages in goods furnished by respondent's store. When the work was completed the respondent was entitled to receive his money therefor, and to receive it in the legal tender of the country. The debt in this case is not disputed; the appellants, according to their own affidavits, are able to pay, and all the damages which they claim would be imposed upon them by the issuance of this restraining order could be averted by the payment of this honest debt.

The judgment will, therefore, be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.